UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FRANK LOMBARDO                              CIVIL ACTION

VERSUS                                      NO: 09-512

STATE FARM FIRE AND CASUALTY                SECTION: J(5)
INSURANCE COMPANY

## ORDER AND REASONS

Before the Court is Defendant's **Motion to Exclude Testimony or Plaintiff's Purported Expert Don Kotter as Cumulative, Unqualified, Unreliable, and Irrelevant (Rec. Doc. 67)**, as well as Plaintiff's **Response Memorandum in Opposition (Rec. Doc. 75)**.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

This action involves a claim against State Farm ("Defendant") for additional insurance benefits and statutory damages resulting from alleged underpayment of proceeds to Plaintiff for his property, which was insured by Defendant.

Plaintiff allegedly suffered property damage due to the wind and flood caused by Hurricane Katrina. Following Hurricane Katrina, Defendant issued payments to Plaintiff based on Defendant's assessment of damage to the property due to wind and

1

wind driven rain.  Subsequent to these initial payments, the parties engaged in additional discussions which led to Defendant increasing its estimate of damage and issuing additional payments to Plaintiff in April of 2006.  Nevertheless, Plaintiff disagreed with the revised estimates and filed suit against Defendant in August of 2007.

In an effort to combat the alleged low assessment of damage provided by Defendant, and to get an estimate of what Plaintiff felt was the true damage to his property, Plaintiff sought the services of Stephen Hitchcock ("Hitchcock").  Although Hitchcock was able to conduct a thorough inspection of the property, his inspection was limited because a substantial amount of the property had already been repaired.  Nevertheless, Hitchcock prepared an estimate of the wind and wind driven rain damage to the property based on this inspection, as well as his interview with the property owner, and an inspection of photographs of the property.

Defendant filed a motion in limine, asking this Court to exclude Hitchcock's testimony as unreliable and irrelevant. (Rec. Doc. 34).  This Court ordered that Hitchcock's testimony relating to his inspection of damages that had not been repaired, was admissible.  (Rec. Doc. 61).  However, his testimony pertaining to the areas of the property that were repaired well

before his inspection was excluded.  (Rec. Doc. 61).

Plaintiff then hired another expert, Don Kotter, to inspect the property and provide Plaintiff with damage estimates.  Like Hitchcock, Kotter inspected the property well after the property was repaired.  Thus, Defendant has filed the current motion, asking the Court to exclude Kotter's testimony.

## **DISCUSSION**

As this Court has previously held, it is unlikely that a reliable estimate can be formed by observing property long after the property has been repaired.  <u>Lightell v. State Farm Fire and Casualty Co.</u>, No. 08-4393, 2009 WL 5217087 at *2 (E.D. La. Dec. 31, 2009) (stating "[t]his Court does not find such methods to be reliable"); <u>Lombardo v. State Farm and Casualty Ins. Co.</u>, Civ. A. 09-512, Rec. Doc. 61, page 8.

Plaintiff argues that Kotter's testimony is distinguishable from the Hitchcock's offered testimony because Kotter's inspection focused on the cause of the damage rather than the extent of the damage.  However, Kotter's purported testimony is ultimately offered to provide estimates of what Kotter believes to be the cost of the damage to the property.  The reliability of the estimates stemming from Kotter's inspection, which took place after Hitchcock's inspection, is questionable at best.  Therefore, his testimony will be excluded from the record.

Accordingly, **IT IS ORDERED** that Defendant's **Motion to Exclude Testimony or Plaintiff's Purported Expert Don Kotter as Cumulative, Unqualified, Unreliable, and Irrelevant, (Rec. Doc. 67)**, is hereby **GRANTED**.

New Orleans, Louisiana, this __8th__ day of June, 2010.

_____
United States District Judge